**David B. LOWRY, Plaintiff,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant.**

**No. CV 00–1277–BR.**

United States District Court,
D. Oregon.

March 19, 2001.

David B. Lowry, Portland, OR, Pro se Plaintiff.

Kristine Olson, United States Attorney, William W. Youngman, Assistant United States Attorney, Portland, OR, for Defendant.

## OPINION AND ORDER

BROWN, District Judge.

This action comes before the Court on Defendant's Motion to Dismiss First Amended Complaint for Mandamus Relief (# 6). For the following reasons, the Court **GRANTS** that Motion.

*THE FIRST AMENDED COMPLAINT*

Plaintiff is an attorney who represents Social Security claimants seeking disability benefits. Plaintiff asserts that Defendant, Commissioner of the Social Security Administration, has had authority since 1991 to "adjust the fees that claimants representatives may charge clients in disability cases to reflect changes in the cost of living (COLA) just as Social Security benefits are adjusted." Plaintiff alleges Defendant "failed, neglected and refused to exercise this discretionary authority to adjust these fees for COLA. The Commissioner of Social Security has abused this discretionary authority by refusing to exercise this discretion." Plaintiff contends "the $4000.00 limit for attorney fees in 1991, would be $4920.00 in 1999" if the COLA adjustments had been made. Plaintiff purports to bring this action as a class action on behalf of all similarly situated attorneys.[1]

The statute at issue, 42 U.S.C. § 406(a), provides in part:

> The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void.

42 U.S.C. § 406(a)(1). Attorneys who represent Social Security claimants in administrative proceedings may be compensated in one of two ways pursuant to this statute. First, an attorney who represents a successful claimant may petition the Commissioner to fix "a reasonable fee to com-

---

**1.** The Commissioner is the only Defendant named in Plaintiff's First Amended Complaint. Plaintiff named two Defendants in his original Complaint: the Commissioner and the National Organization of Social Security Claimants Representatives. The Commissioner's Motion to Dismiss the original Complaint as to Defendant Commissioner of Social Security (# 4) now is moot.

pensate such attorney for the services performed by him in connection with such claim." *Id.* The statute does not cap the fees available by petition.

Second, under certain circumstances, an attorney may enter into a fee agreement with a client who claims past-due benefits:

(2)(A) In the case of a claim of entitlement to past-due benefits under this subchapter, if—

(i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,

(ii) **the fee specified in the agreement does not exceed the lesser of—**

(I) 25 percent of the total amount of such past-due benefits (as determined before any applicable reduction under section 1320a–6(a) of this title), or

**(II) $4,000**, and

(iii) the determination is favorable to the claimant,

then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, and (subject to paragraph (3)) the fee specified in the agreement shall be the maximum fee. **The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) to the extent that the rate of increase in such amount, as determined over the period since January 1, 1991, does not at any time exceed the rate of increase in primary insurance amounts under section 415(i) of this title since such date.** The Commissioner of Social Security shall publish any such increased amount in the Federal Register.

42 U.S.C. § 406(a) (emphasis added).

Plaintiff brings this action pursuant to the Mandamus and Venue Act, 28 U.S.C. § 1361, and seeks an order to compel Defendant:

to implement the COLA adjustment contemplated by 42 USC(a)(2)(A) retroactive to 1–1–92 and for each year thereafter, and each year hereafter; and for each year thereafter from funds appropriated to the agency to the present, and hereafter from the benefits of successful claimants; and for an award of attorney fees for representing the plaintiff class

. . . .

Plaintiff also seeks a declaratory judgment, an award of attorney fees pursuant to the Equal Access to Justice Act, and costs.

### DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the First Amended Complaint on the ground it fails to state a claim upon which relief can be granted. Defendant contends he has discretion whether to increase the maximum fees attorneys may charge clients whom they represent in Social Security administrative proceedings. Defendant argues mandamus is appropriate only when a government agent has neglected to perform a ministerial, non-discretionary duty. According to Defendant, the First Amended Complaint fails to state a claim because Plaintiff asks the Court to order Defendant to perform an act that is discretionary.

Plaintiff asserts this Court should not focus on the ministerial-discretionary distinction in deciding whether it properly may order Defendant to increase the cap on attorney fees. Plaintiff deems that distinction "incomprehensible." Plaintiff also argues "the statutory authorization for a

review and increase of fees should be interpreted as a non-discretionary duty which the Commissioner of Social Security has improperly failed to exercise" and, therefore, the Court has authority to grant mandamus relief.

## ANALYSIS

### I. Standard for Motion to Dismiss

On a motion to dismiss under Fed. R.Civ.P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied*, 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 386 (1999). A court should not dismiss a complaint and deprive a plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir.1981) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### II. The Amended Complaint Does Not State a Claim for Mandamus Relief

■ Plaintiff invokes this Court's mandamus jurisdiction under 28 U.S.C. § 1361, which provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The Ninth Circuit repeatedly has held that mandamus is an extraordinary remedy that may be granted only when:

> "(1) the plaintiff's claim is clear and certain; (2) the duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." The extraordinary remedy of mandamus lies within the discretion of the trial court, even if the three elements are satisfied.

*Oregon Natural Resources Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir.1995) (citations omitted). *See also Stang v. Internal Revenue Serv.*, 788 F.2d 564, 565 (9th Cir.1986). "Mandamus may not be used to instruct an official how to exercise discretion." *Soler v. Scott*, 942 F.2d 597, 602 (9th Cir.1991), *vacated on other grounds*, 506 U.S. 969, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992). These cases demonstrate the Ninth Circuit adheres to the ministerial-discretionary distinction Plaintiff disparages.

■ The only question for this Court is whether 42 U.S.C. § 406(a) creates a mandatory duty for Defendant or gives Defendant discretionary authority. Again, the relevant portion of the statute provides:

> The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) to the extent that the rate of increase in such amount, as determined over the period since January 1, 1991, does not at any time exceed the rate of increase in primary insurance amounts under section 415(i) of this title since such date.

42 U.S.C. § 406(a)(2)(A)(iii).

The Court agrees with Defendant that the word "may" should be given its ordinary meaning in this case. "The word 'may' usually implies some degree of discretion." *Haynes v. United States*, 891 F.2d 235, 239 (9th Cir.1989) (citation omitted). The plain meaning of "may" can be defeated by a contrary legislative intent or by binding precedent that requires courts to interpret the word to mean "shall." *See id. See also United States v. City of Hayward*, 36 F.3d 832, 839 (9th Cir.1994), *cert. denied*, 516 U.S. 813, 116 S.Ct. 65, 133 L.Ed.2d 27 (1995). Plaintiff, however, has not identified any legislative history that demonstrates Congress intended to re-

quire Defendant periodically to increase the fees available to attorneys who represent Social Security claimants. Plaintiff also has failed to identify any judicial precedent that would require this Court to construe the word "may" in 42 U.S.C. § 406(a)(2)(A)(iii) to mean "shall." The Court, therefore, gives "may" its ordinary meaning and construes the statute to give the Commissioner discretion whether to increase the $4000 cap on attorney fees.

Plaintiff also cites cases from North Carolina, Maine, and Pennsylvania that hold the word "may" means "shall" in statutes that "delegate a power, the exercise of which is important for the protection of public or private interests," [2] "give[ ] power to public officials and individual rights call for the exercise of that power," [3] or "impos[e] a public duty upon public officials in the doing of something for the sake of the public good, and the public or third persons have an interest in the exercise of the power." [4] The Court declines to follow the holdings in these cases for two reasons. First, the Court has found no case law that suggests the Ninth Circuit follows the same principles of statutory construction as do the state courts of North Carolina, Maine, and Pennsylvania. Second, the Court cannot conclude that an increase in the fees available to claimants' representatives necessarily would serve the public good. Plaintiff makes a plausible argument that more attorneys would be willing to represent Social Security claimants if the fee cap were raised. Defendant, however, makes an equally plausible argument that claimants would be harmed by a fee cap increase because attorney fees are deducted from the benefits claimants receive. Plaintiff's policy arguments, therefore, do not persuade the Court to interpret "may"

to mean "shall" in the context of 42 U.S.C. § 406(a)(2)(A)(iii). Plaintiff should direct his policy arguments to Congress rather than to this Court.

Finally, Plaintiff argues the Court may require Defendant at least to exercise his discretion in *some* manner even if the Court cannot instruct Defendant *how* to exercise his discretion. This type of argument may prevail when a government official must take a specific action before he or she exercises discretion. For example, the Secretary of the Interior has a nondiscretionary obligation to process applications for mineral patents even though the Secretary may have discretion whether to issue patents in response to those applications. See *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n. 6 (9th Cir. 1997).

Plaintiff's argument fails because the statute that caps the fees available to claimants' representatives does not include any provision that requires Defendant to take any action to determine whether to raise the cap. See 42 U.S.C. § 406(a)(2)(A)(iii). The argument might have merit if the statute instructed Defendant periodically to review the adequacy of fees or to determine whether a sufficient number of attorneys are willing to represent Social Security claimants for the fees presently available. The statute does not, however, contain any such provision. Defendant does not owe Plaintiff any duty to *review* the current fee structure, and Plaintiff's First Amended Complaint, therefore, does not state a claim for mandamus relief. See 28 U.S.C. § 1361. See also *State of California v. Settle*, 708 F.2d 1380, 1385 (9th Cir.1983) (a government

**2.** *Puckett v. Sellars,* 235 N.C. 264, 69 S.E.2d 497 (1952).

**3.** *Belcher v. State Harness Racing Com'n,* 728 A.2d 425 (Pa.Cmwlth.1999).

**4.** *Schwanda v. Bonney,* 418 A.2d 163 (Me. 1980).

official's failure to act is not reviewable in mandamus when "no law exists to constrain the [official's] exercise of discretion").

For the reasons set forth above, the Court concludes Defendant does not owe Plaintiff any mandatory duty to raise the statutory cap on fees for claimants' representatives or to consider whether to raise that cap. When a plaintiff brings a mandamus action and the defendant government officer, employee, or agency does not owe the plaintiff a non-discretionary duty, the district court lacks mandamus jurisdiction and should dismiss the action. *Stang,* 788 F.2d at 565. The Court, therefore, dismisses Plaintiff's First Amended Complaint for lack of subject matter jurisdiction.

### *CONCLUSION*

The Court **GRANTS** Defendant's Motion to Dismiss the First Amended Complaint for Mandamus Relief (# 6). Defendant's Motion to Dismiss as to Defendant Commissioner of Social Security (# 4) is **MOOT**.

IT IS SO ORDERED.